LEONOR AMÉZAGA VDA. DE MENDIZÁBAL Y OTROS, peticionarios y recurridos, *v.* JUAN T. PEÑAGARÍCANO, ETC., demandado y recurrente; ESTHER FORT DE ISERN, ETC., interventores.

*Número:* 50    *Resuelto:* 22 de mayo de 1962

---

*Víctor M. Marchán, Nieves Agostini de Torres* y *Miguel Franquiz Ventura,* abogados del Administrador de Estabilización Económica de Puerto Rico; *Rivera Zayas, Rivera Cestero & Rúa,* abogados de los recurridos; *Alvaro Ortiz* y *Raúl Matos,* abogados de los interventores.

Sala integrada por el Juez Presidente Interino Señor Pérez Pimentel y los Jueces Asociados Señores Blanco Lugo y Dávila.

### SENTENCIA

La única cuestión envuelta en el presente caso es determinar si el tribunal de instancia actuó correctamente al resolver que la relación existente entre las partes se rige por lo resuelto en *Talbert* v. *Hilton Hotels,* 78 D.P.R. 283 (1955), y está, por tanto, excluida de la aplicación de la Ley de Alquileres Razonables, Ley Núm. 464 de 25 de abril de 1946, 17 L.P.R.A. secs. 181 a 218. En términos generales dijimos que el arrendamiento de un local dentro de un hotel para la operación de negocios tales como una tienda de efectos para caballeros que le sirve a los huéspedes del hotel está excluido de la reglamentación de inquilinato en virtud de las disposiciones del artículo 4 de dicha ley, 17 L.P.R.A. sec. 184.[1]

Examinemos los hechos del presente caso. La Sucn. Mendizábal es dueña de un edificio situado en la Calle Cruz esquina Tetuán, de San Juan, que por varios años estuvo arrendado a los señores Agudo. En dicho edificio los Agudo explotaban un negocio de hotel conocido como Hotel Palace. En *1954* la Sucn. Mendizábal readquirió la posesión del edificio y pasaron también a ser dueños del negocio de hotel, que continuaron explotando como individuos. A partir del año *1956* se arrendaron a los interventores tres locales situados en la primera planta del edificio, con frente a la calle de la Cruz, y se establecieron en los mismos unas tiendas

---

[1] En la parte pertinente este artículo, según enmendado por la Ley Núm. 395 de 13 de mayo de 1947 (Leyes (1), pág. 757), lee: "Tampoco se aplicarán las disposiciones de esta Ley a hoteles ni casas de hospedaje en cuanto a la relación entre quien explota dicho negocio de hotel o casa de hospedaje y sus huéspedes o inquilinos."

para la venta de novedades y artículos propios para re-
galos.([2])

Nos parece claro que el hecho de que los dueños del edi-
ficio exploten en parte del mismo un negocio de hotel no con-
vierte a los interventores necesariamente en "inquilinos" de
un hotel. Las circunstancias que rodean este caso son dis-
tinguibles de las que consideramos en *Talbert*, ya que la
prueba acusa en forma notable que la relación contractual
de los interventores es con los dueños del edificio en su carác-
ter de propietarios de éste, y no en su condición de dueños
de un negocio de hotel que se opera en otra parte del mismo
edificio. Refuerza esta conclusión el hecho de que los nego-
cios establecidos por los inquilinos en los locales de referencia
no tienen relación alguna con el referido negocio, y que se
trata más bien de la cesión de espacio para usos comerciales
sin la serie de limitaciones y requisitos impuestos por el Hotel
Hilton a Talbert. En el presente caso la localización de los
locales, con frente a una calle de actividad comercial reco-
nocida en la Capital, sugiere que se trata de negocios que no
sirven primordialmente a los huéspedes del hotel, sino al pú-
blico en general. Basta indicar que si el fin principal fue
lograr inquilinos que establecieran negocios para servir a los
huéspedes, es muy significativo que se cedieron dos de los
locales para una misma actividad comercial, o sea, la de
tienda de novedades y artículos para regalos finos.

Reiteramos que, apreciada la prueba en conjunto, el pre-
sente caso no presenta una situación de "inquilinos" de
un hotel, sino de arrendatarios de la Sucn. Mendizábal, quie-
nes utilizan parte de su inmueble para la explotación de un
hotel. Siendo ello así, y descansando la sentencia recurrida

([2]) Antes del 1 de octubre de 1942 estos mismos locales habían estado
arrendados a distintas personas que los utilizaron para una oficina de
contabilidad, un bazar de música y otro comercio. Los cánones a 17 de
julio de 1946 eran ded $100.00, $60.00 y $60.00 respectivamente. Los Men-
dizábal le cobran cánones a razón de $150.00, $175,00 y $150.00 a los
interventores.

exclusivamente en lo resuelto en el caso tantas veces mencionado, procede la revocación.

*Se revoca la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 11 de julio de 1960.*

Así lo pronunció y manda el Tribunal y firma el señor Juez Presidente Interino.

(Fdo.) PEDRO PÉREZ PIMENTEL,
*Juez Presidente Interino.*

Certifico:

(Fdo.) IGNACIO RIVERA,
*Secretario.*